IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

v.  Case No. 4:20-CR-00348-01-BRW
    4:24-CV-00703-BRW

RASHAUN LADALE WILLIAMS

### ORDER

For the reasons set out below, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 71) is DENIED. His other motions (Doc. Nos. 85, 86) are DENIED as MOOT.

### I.  BACKGROUND

On May 3, 2022, Defendant pleaded guilty to two counts of possessing with intent to distribute cocaine (Count 1) and fentanyl (Count 2).[1]  On August 10, 2022, Defendant was sentenced to 240 months in prison.[2]

Defendant appealed, but his original conviction and sentence were affirmed on September 7, 2023.[3]  On August 19, 2024, Defendant filed this § 2255 motion, asserting ineffective assistance of counsel.

### II. DISCUSSION – Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, Defendant must first show that his lawyer's performance fell below an objective standard of reasonableness.[4]  He must identify

---

[1] Doc. No. 49.

[2] Doc. Nos. 57, 58.

[3] Doc. No. 68.

[4] See *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

1

the acts or omissions of counsel that are alleged to have been the result of unreasonable professional judgment.[5]

Then, the Court must determine whether, considering all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.[6] A defendant faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[7]

If a defendant establishes deficient performance by counsel, he still must establish prejudice.[8] This requires a defendant to demonstrate that, but for his counsel's errors, there is a reasonable probability the result of the proceeding would have been different.[9]

So, the test has two parts: (1) deficient performance, and (2) prejudice. If Defendant fails to establish either part of this test, the Court need not consider the remaining part of the test.[10]

Defendant asserts ineffective-assistance claims based on his lawyer's failure to: (1) discuss the pros and cons of pleading guilty or going to trial; (2) conduct a pretrial investigation; and (3) negotiate a favorable plea agreement.[11]

---

[5] *Id.* at 690.

[6] *Id.*

[7] *Id.* at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

[8] *Strickland*, 466 U.S. at 694.

[9] *Id.* ("A reasonable probability is a probability sufficient to undermine confidence in the [proceeding's] outcome.").

[10] *Stephen v. Smith*, 963 F.3d 795, 800 (8th Cir. 2020).

[11] Doc. No. 72.

A.    **Ineffective Assistance Claims Mr. John Wesley Hall**

Based on the record, there, at some point, appears to have been a plea offer capping Defendant's exposure to twenty years. Defendant also attempted to proffer and cooperate with the Government. These things took place before Defendant hired Mr. John Wesley Hall in August 2021, which means they cannot support an ineffective assistance of counsel claim against Mr. Hall, the target of Defendant's motion.

Defendant complains that, despite taking the case in August 2021, Mr. Hall did not start working on "fil[ing] necessary motions and getting a plea deal" until November 2021.[12] He has presented no arguments, and I see none, as to how this alleged delay prejudiced him.

Mr. Hall received a plea offer from the Government in March 2022. In his motion, Defendant asserts that he "asked [Mr. Hall] about the prior plea offer which Hall sent to him in March (10 years, no upward or downward variances)" but was "advised that the March plea offer was no longer good since [Defendant] took too long and the trial was" to commence the next day.[13] First, the March 10, 2022 plea offer did not limit Defendant's exposure to 10 years; rather, it advised that the base offense level would be 30 if Defendant did not qualify as a career offender. Second, Defendant was on notice that the offer would expire. Page two of the offer clearly sets out that the offer expires 30 days before a new trial date, if the case was continued. It also advised that no third point for acceptance would be given if the offer was accepted inside the 30-day plea deadline.[14] Mr. Hall's office sent Defendant a copy of the offer along with a letter noting that it was "higher than the 20 year cap in the original offer [Defendant] rejected."[15]

---

[12] Doc. No. 72 at 11.

[13] *Id.*

[14] Doc. No. 81-1.

[15] *Id.*

3

In a March 21, 2022 letter, Defendant responded that he did not reject the previous plea offer but admitted that he took a long time to respond. Mr. Hall is not ineffective because Defendant failed to meet the deadlines clearly set out in the plea agreement.

Defendant also argues that his lawyer did not provide him with or explain the proposed plea agreements "until a day before his trial," which would have been May 2, 2022. No doubt this is true, since Defendant waited until the day before trial to advise that he wanted to plead guilty, which he did the morning of trial. Additionally, the only substantive difference between the March 10 and May 2, 2022 plea offers is the addition of "Neither party will seek a variance from the recommended Guidelines range at the time of sentencing."[16] Finally, at the plea hearing, Defendant was asked if he had enough time to go over the plea agreement. After some hesitation, he agreed that he had sufficient time and wanted to proceed.[17] He also advised that he was satisfied with Mr. Hall as his lawyer.[18]

Defendant asserts that his lawyer made an inaccurate prediction about his sentence exposure if he were to go to trial. A lawyer's incorrect sentence prediction is insufficient to establish deficient performance.[19]

---

[16] *Id.* The May plea offer also advised that "[t]he United States will not award the third level reduction" but Defendant was already aware of this possibility from the March plea offer that said pleading guilty less than 30 days before trial would result in no third point for acceptance.

[17] Doc. No. 65.

[18] *Id.*

[19] *United States v. Nesgoda*, 559 F.3d 867, 770 n.2 (8th Cir. 2009) ("Counsel's incorrect estimate of a sentencing range was not ineffective assistance of counsel.") (citing *Thomas v. United States*, 27 F.3d 321, 326 (8th Cir. 1994)); *United States v. Sweeney*, 878 F.2d 68, 70 (8th Cir.1989) (district court affirmed where counsel predicted U.S.S.G. range of 21–27 months, but court found range of 51–63 months and sentenced defendant to 57 months).

Defendant contends that his lawyer failed to investigate the circumstances surrounding the instant offense and potential defenses to the crime. Without more, this conclusory statement does not support an ineffective assistance claim. Obviously, Defendant's lawyer investigated the circumstances and determined that there was a proper traffic stop and search. Defendant now presents an irrelevant, revisionist history of the events in attempt to state a claim.

Defendant presents an array of other arguments attacking his lawyer, but none of them establish either deficient performance or prejudice. He also generally protests about the lack of objections made by his lawyer at sentencing, but a lawyer's failure to raise frivolous arguments does not support an ineffective assistance claim.[20] Ultimately, Defendant is frustrated with his sentence and believe that he should have gotten a better deal. However, it was Defendant's delayed decision to plead guilty and the consequences of the delay, not his lawyer's performance, that led to what he believes is a harsher sentence than he otherwise would have received.

### B.     Ineffective Assistance Claims Against Geoffrey Kearney

Defendant asserts that his appellate counsel, Mr. Geoffrey Kearney, was ineffective because he "seldom communicated" with Defendant. Defendant has not explained how this lack of communication led to any prejudice. Additionally, Mr. Kearney either raised the issues mentioned by Defendant on appeal and was unsuccessful or the issues were meritless. Again, a lawyer's failure to raise frivolous arguments does not support an ineffective assistance claim.[21]

---

[20] *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (per curium) (holding that "counsel's failure to advance a meritless argument cannot constitute ineffective assistance").

[21] *Id.*

**CONCLUSION**

For the reasons set out above, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 71) is DENIED. His other motions (Doc. Nos. 85, 86) are DENIED as MOOT.

IT IS SO ORDERED this 17th day of December, 2024.

<u>Billy Roy Wilson</u>
UNITED STATES DISTRICT JUDGE